JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WEST EASTON TWO, LP

**(b)** County of Residence of First Listed Plaintiff   Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John S. Harrison and James F. Preston; Broughal & DeVito, LP
38 West Market Street, Bethlehem, PA 18018
(610) 865-3664

## DEFENDANTS
BOROUGH COUNCIL OF WEST EASTON and BOROUGH OF WEST EASTON

County of Residence of First Listed Defendant   Northampton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage |  | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  |  |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC § 1983; 29 USC § 206(8)(C)(ii)(II), § 794(a), § 794(b)(1)(A); 42 USC § 12131(1)(A), § 12132
Brief description of cause:
Violations of 14th Amendment Due Process and Equal Protection Clauses, Rehabilitation Act and ADA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 02/25/2019
SIGNATURE OF ATTORNEY OF RECORD: John S. Harrison, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1177 Sixth Street, Whitehall, PA   18052__

Address of Defendant: __237 Seventh Street, West Easton, PA   18042__

Place of Accident, Incident or Transaction: __92 Main Street, Building B, West Easton, PA   18042__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __2/25/2019__   _____   __53864__
                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __John S. Harrison__, counsel of record *or* pro se plaintiff, do hereby certify:

[X]   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X]   Relief other than monetary damages is sought.

DATE: __2/25/2019__   _____   __53864__
                        *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WEST EASTON TWO, LP | : | CIVIL ACTION |
| v. | : | |
| BOROUGH COUNCIL OF WEST EASTON and BOROUGH OF WEST EASTON | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                              (X)

| 2/25/2019 | /s/ | John S. Harrison, Esquire |
|---|---|---|
| Date | Attorney-at-law | Attorney for **Plaintiff** |
| (610) 865-3664 | (610) 865-0969 | johnharrison@broughal-devito.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEST EASTON TWO, LP | : |
|         Plaintiff | :    No. |
| v. | : |
| BOROUGH COUNCIL OF WEST EASTON and BOROUGH OF WEST EASTON, | : |
| | :    JURY TRIAL DEMANDED |
|         Defendants. | : |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff West Easton Two, LP ("Treatment Center"), by its attorneys Broughal & DeVito, L.L.P., files this Complaint against Defendants Borough Council of West Easton ("Borough Council") and Borough of West Easton ("Borough").

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, the United States Constitution, the American with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a), 42 U.S.C. § 12182(a), and 29 U.S.C. § 794(a).

3. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Treatment Center is a Pennsylvania limited partnership.

5. Defendant Borough is a Pennsylvania borough in Northampton County.

6. Defendant Borough Council is the governing body for Defendant Borough.

## **FACTS**

7. Plaintiff Treatment Center plans to operate a comprehensive, medically supervised and licensed inpatient substance abuse treatment services facility in the Borough.

8. Plaintiff Treatment Center needs to use methadone to treat some of its patients.

9. There is an ever-increasing need for a substance abuse treatment facility in Northampton County and surrounding counties.

10. Plaintiff Treatment Center determined that 92 Main Street, Building B, West Easton, Northampton County, Pennsylvania; ("Premises") would be an appropriate location for a medical drug and alcohol treatment center (the "Medical Office").

11. The Medical Office is located on Premises, which also include a Northampton County DUI Center ("DUI Center").

12. The location of the Medical Office is zoned as L-I, light industrial.

13. Residential treatment centers and offices are permitted uses in Defendant Borough's L-I zoning district.

14. Defendants adopted Ordinance No. 966 on September 23, 2013 (the "Ordinance").

15. A true and correct copy of the Ordinance is attached to this Complaint as Exhibit "A."

16. The Ordinance provides, among other things:

> 4a (6) The Residential Treatment Health Center shall not distribute methadone to residents as a modality for treatment or clients on an outpatient basis.
>
> . . .
>
> 4a (9) Any residents entering or leaving The Resident Treatment Health Center must be picked up and dropped off by a third party through a second process to prevent entry to and discharge into the public.
>
> . . .
>
> 4a (13) Any private resident residing in the Residential Treatment Center shall be required to pay a temporary residence fee to the Borough of $150.00.

17. The Ordinance discriminates against people receiving treatment for drug addiction and/or alcoholism.

18. The Ordinance does not require residents in other permitted L-I businesses, including personal care and assisted living facilities, to be picked up and dropped off.

19. The Ordinance does not require residents in other permitted L-I businesses to pay a $150.00 temporary resident fee.

20. On November 29, 2017, Plaintiff Treatment Center submitted a conditional use application.

21. Three (3) hearings were held by Defendants on Plaintiff Treatment Center's conditional use application (the "Hearings").

22. During the Hearings, Council Members revealed their prejudice against people who need drug and alcohol treatment.

3

23. During the Hearings, Council Members made the following statements, among others:

- "I wouldn't want to be across the street from it either . . .;"

- "Will we see any [patients] from Northampton County Courthouse . . . to try to make parole or lesser sentence;"

- "Let's talk about the police department. We don't have one yet, and inside your thing, it breaks out in a little riot, who are you going to call?"

- "You're going to build this in our town. How much is the property value going to hurt our taxpayers? You're not worried about that."

- "[Y]ou're going to put problems on our town taxpayers. The house property goes down."

- "Five or six leave at one time. If you catch them before they go on the other side of the door, they're still going to be outside."

24. Defendants denied Plaintiff's Conditional Use application (the "Denial").

25. Defendants' reasons for denying the Conditional Use application were discriminatory.

26. Defendants' Denial was based, in part, on the statements that "A resident could simply walk out of the Residential Treatment Center building. The door would not be locked or secured in any way."

27. Defendants' Denial was based, in part, on the statement that: "Presently, the Borough of West Easton does not have a police force . . . . Accordingly, adequate provisions would have to be taken to protect the citizens of West Easton as well as the public at large."

4

## COUNT I
## PLAINTIFF v. DEFENDANTS BOROUGH COUNCIL and BOROUGH
## VIOLATION OF FOURTEENTH AMENDMENT
## DUE PROCESS AND EQUAL PROTECTION CLAUSES

28. Plaintiff West Easton Two, LP, incorporates by reference paragraphs 1 through 27 of this Complaint as if set forth fully here.

29. This claim is brought under 42 U.S.C. § 1983.

30. Defendants' Ordinance and denial of the Conditional Use application and attempt to prevent Plaintiff Treatment Center from opening is arbitrary, based on irrational prejudices against, and perceptions of methadone patients and patients suffering from drug and alcohol addiction and is not rationally related to any legitimate government interests. It therefore violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

31. Because of Defendants' discriminatory behavior, Plaintiff Treatment Center has expended time and financial resources and has suffered harm.

32. Because of Defendants' discriminatory behavior, Plaintiff Treatment Center will suffer a net loss, which exceeds $2,000,000.00.

33. Plaintiff Treatment Center has suffered economic injury from this violation.

## COUNT II
## PLAINTIFF v. DEFENDANT BOROUGH
## VIOLATION OF REHABILITATION ACT

34. Plaintiff West Easton Two, LP, incorporates by reference paragraphs 1 through 33 of this Complaint as if set forth fully here.

35. The Rehabilitation Act specifically recognizes as handicapped those individuals with drug-addiction who are "participating in a supervised rehabilitation program and [are] no longer engaging [in the illegal use of drugs]." 29 U.S.C. § 206(8)(C)(ii)(II).

36. Section 504 of the Rehabilitation Act prohibits discrimination against persons with disabilities by any entity that receives federal financial assistance. 29 U.S.C. § 794(a).

37. Defendant Borough's attempts to prevent the Treatment Center from opening and failure to grant the Treatment Center's Conditional Use application is a covered activity within the meaning of the Rehabilitation Act. 29 U.S.C. § 794(b)(1)(A).

38. Defendants' actions violate Section 504 of the Rehabilitation Act and such actions harmed and continue to harm Plaintiff Treatment Center.

39. Because of Defendants' discriminatory motions, Plaintiff Treatment Center suffered harm and economic injury by being denied the opportunity to conduct its business and provide a needed service without interference by Defendants.

### COUNT III
### PLAINTIFF v. DEFENDANT BOROUGH
### VIOLATION OF THE ADA

40. Plaintiff West Easton Two, LP, incorporates by reference paragraphs 1 through 39 of this Complaint as if set forth fully here.

41. Plaintiff Treatment Center has standing to seek relief on its own behalf and on behalf of its clients under the ADA.

42. Defendant Borough is a qualifying public entity within the meaning of the ADA. 42 U.S.C. § 12131(1)(A).

6

43. Section 12132 of the ADA constitutes a general prohibition against discrimination on the basis of disability by public entities. 42 U.S.C. § 12132.

44. The issuance, or non-issuance as in this case, of a conditional use is an activity covered under Title II of the ADA. 28 C.F.R. Part 35, App. A at 438.

45. Defendants' discriminatory actions including the adoption of different standards for "treatment centers" than for other medical clinics and businesses, the application of these standards to the Treatment Center, and the failure to grant Plaintiff Treatment Center's Conditional Use application.

46. Because of Defendant Borough's discriminatory actions, Plaintiff Treatment Center has expended time and financial resources and suffered harm and economic injury.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff West Easton Two, LP, requests that this Honorable Court award it the following relief:

1. Find and declare that Defendants' Ordinance, actions and inaction in failing to permit Plaintiff West Easton Two, LP, to occupy the Medical Office violates the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973.

2. Issue a permanent injunction enjoining Defendants from continuing to violate the United States Constitution, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973.

3. Issue an injunction requiring Defendants, within five (5) days of Court Order, to issue Plaintiff West Easton Two, LP, a permit for occupancy for a medical drug and alcohol treatment center at the Medical Office.

4. Award Plaintiff West Easton Two, LP, damages for the harm it suffered as a result of Defendants' discriminatory practices.

5. Award Plaintiff West Easton Two, LP, its reasonable attorney fees and costs.

6. Award any other relief this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff West Easton Two, LP, requests trial by jury in this case.

BROUGHAL & DeVITO, L.L.P.

Date: _____02/25/2019_____   By: _____
**JOHN S. HARRISON, ESQUIRE**
Attorney I.D. #53864
**JAMES F. PRESTON, ESQUIRE**
Attorney I.D. #82010
38 W. Market Street
Bethlehem, PA 18018
Telephone No.: (610) 865-3664
Facsimile No.: (610) 865-0969
*Attorneys for Plaintiff*

# EXHIBIT A

BOROUGH OF WEST EASTON
NORTHAMPTON COUNTY, PENNSYLVANIA

ORDINANCE NO. 966

AN ORDINANCE AMENDING THE USES PERMITTED BY CONDITIONAL USE WITHIN THE LI – LIGHT INDUSTRIAL ZONING DISTRICT IN THE BOROUGH OF WEST EASTON ZONING ORDINANCE

WHEREAS, the Borough of West Easton has adopted a Zoning Ordinance pursuant to the authority of the Pennsylvania Municipalities Planning Code, 53 P.S. §1001 et seq., West Easton Ordinance No. 480 as amended, and

WHEREAS, one of those Zoning Districts created by the aforementioned Zoning Ordinance is the Light Industrial (LI) Zoning District; and

WHEREAS, the Borough has been requested to amend its Zoning Ordinance to permit certain additional conditional uses in the LI Light Industrial Zoning District, to wit, personal care and assisted living facilities, residential treatment centers, residential DUI treatment facilities.

NOW THEREFORE, IT IS HEREBY ORDAINED AS FOLLOWS:

SECTION 1: The following Amendments are hereby made to the West Easton Zoning Ordinance:

In Section 202, the following new Definitions are added:

"Residential Treatment Center" – A facility whose primary function is to temporarily house individuals for the purpose of receiving medical, psychological, or social treatment and/or counseling.

The following revisions are made to the following sections of the current LI – LIGHT INDUSTRIAL DISTRICT regulations:

Add the following to Section 701 regarding the Purposes of the LI – LIGHT INDUSTRIAL DISTRICT:

A. Purpose.

    5. To provide for adaptive reuse of structures formerly used for light industrial purposes to include Assisted Living Facilities, Residential Treatment Centers, Residential DUI Treatment Centers, and multi-family dwellings (apartments) to provide housing for older persons and other persons needing assistance, the infirmed, affordable unsubsidized housing, and to provide facilities to decrease recidivism.

B. Use Regulations.

    4. Conditional Uses.

        a. Residential Treatment Center, which shall meet the following requirements:

            (1)  1. The facility meets the definition of "residential treatment center" found in Section 202, and must be approved for such use by the Commonwealth of Pennsylvania.

            (2)  The requirements on density for dwelling units shall not apply.

(3) The minimum parking requirement shall be one off-street parking space per 12 residents, which shall apply in place of Section 1706.B. No parking on the premises or on the adjacent public streets shall be permitted for residents of the Residential Treatment Center.

(4) The applicant shall submit a satisfactory site plan showing the general location of all existing and proposed structures and shall show that the entire premises is to be utilized as part of the treatment program.

(5) The applicant shall submit a plan of operations for treatment, including a safety plan which addresses the safety of the clients, the employee staff, the surrounding neighborhood, and the community as a whole.

(6) The Residential Treatment Health Center shall not distribute methadone to residents as a modality for treatment or clients on an outpatient basis.

(7) The Residential Treatment Center shall maintain twenty-four (24) hour security seven (7) days per week and three-hundred sixty-five (365) days per year.

(8) The Residential Treatment Center shall maintain a perimeter boundary fence at a minimum of six (6) feet high, subject to the final approval of Borough Council.

(9) Any residents entering or leaving the Residential Treatment Center must be picked up and dropped off by a third party through a secured process to prevent entry to and discharge into the public.

(10) Entry to the Residential Treatment Center shall occur between the hours of 7:00 a.m. and 7:00 p.m. Monday through Friday and from 9:00 a.m. to 4:00 p.m. Saturday and Sunday.

(11) A Residential Treatment Center may include outpatient counseling services to former residents and their families for ongoing counseling and therapy services, provided that there is no application of methadone for said outpatient counseling.

(12) A Residential Treatment Center may include doctor's offices as an accessory use to the Center, provided that the doctor(s) is/are licensed to practice within the Commonwealth of Pennsylvania.

(13) Any private resident residing in the Residential Treatment Center shall be required to pay a temporary residency fee to the Borough of $150.00.

(14) Prior to occupancy and use as a residential treatment center, a certificate of occupancy/zoning compliance permit shall be obtained by the operators.

SECTION 2: The provisions of this Ordinance are severable. If any section, clause, sentence, part or provision of this Ordinance shall be determined to be illegal or invalid by any court of competent jurisdiction,

such decision shall not impair or affect the remaining terms, sections and clauses of this Ordinance.

SECTION 3: REPEALER. All Ordinances or parts of Ordinances which are inconsistent herewith are hereby repealed.

SECTION 4: This Ordinance shall become effective five (5) days after passage.

**BOROUGH OF WEST EASTON**

ATTEST:

By: _____  By: _____
Secretary                    President of Borough Council

**APPROVED** this 23rd day of September   2013

ATTEST:

By: _____  By: _____
Secretary                    Mayor